**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| FARIDA PACHEO CAPELLAN,<br><br>Plaintiff,<br><br>v.<br><br>WALMART,<br><br>Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 25-16645 (KMW-EAP)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**THIS MATTER** comes before the Court by way of *pro se* Plaintiff Farida Pacheo Capellan's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") pursuant to 28 U.S.C. § 1915(a)(1); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that she has a monthly income of $425.00 from public assistance, and has approximately $2505.00 in expenses per month. (IFP Application ¶¶ 1, 8.) Plaintiff asserts that she does not have other liquid assets, nor does she have a spouse to contribute income or share in expenses, and she has two dependents. (*Id.* at ¶¶ 1, 7-8.)

**WHEREAS,** the Third Circuit has held that an application to proceed without paying filing fees is "based on a showing of indigence," *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006) (citation omitted); and

**WHEREAS** the Court notes that although a person "need not be absolutely destitute to proceed in forma pauperis," Plaintiff must nonetheless, "establish that [she] is unable to pay the costs of [her] suit," *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016); and

**THE COURT FINDING** that because Plaintiff's monthly expenses exceed her income, Plaintiff has demonstrated that she cannot pay the costs of litigation, and thus the Court **GRANTS** Plaintiff's IFP Application.

Pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must review Plaintiff's Complaint and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below, Plaintiffs' Complaint is **DISMISSED** for failing to state a claim upon with relief may be granted; and

**WHEREAS**, Plaintiff filed a Complaint (ECF No. 1) on October 15, 2025, wherein she asserts employment discrimination under Title VII, as well as violations of the Americans with Disabilities Act ("ADA") (*See* Compl. at p. 5); and

**WHEREAS**, when a plaintiff alleges a claim under Title VII, they are obligated to comply with the procedural requirements set forth in 42 U.S.C. § 2000e-5, including exhausting administrative remedies. *Schenck v. United Airlines, Inc.*, No. cv 23-3816, 2025 WL 2779141, at *6 (D.N.J. Sept. 30, 2025).; and

**WHEREAS**, when a plaintiff alleges a claim under the ADA, pursuant to 42 U.S.C. § 12117(a), they are also obligated to comply with the procedural requirements set forth in 42 U.S.C. § 2000e-5, including exhausting administrative remedies. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 261 (3d Cir. 2006); and

**WHEREAS**, a plaintiff exhausts their administrative remedies in this context by filing a charge with the EEOC and subsequently receiving a notice of a right to sue from the EEOC after it completes its investigation. *Schenck*, 2025 WL 2779141 at *6 (citing *Devine v. St. Luke's Hosp.*, 406 F. App'x 654, 656 (3d Cir. 2011)); and

2

**WHEREAS,** non-exhaustion of administrative remedies "constitutes a ground for dismissal for failure to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6)." *Itiowe v. NBC Universal Inc.*, 556 F. App'x 126, 128 (3d Cir. 2014); and

**WHEREAS,** the Plaintiff's Complaint does not set forth facts establishing that she has exhausted her administrative remedies. Because the Plaintiff fails to establish that she was issued a notice of a right to sue from the EEOC, nor does she produce a copy of a such letter , her Complaint must be dismissed for failure to state a claim upon which relief may be granted.

**IT IS HEREBY** on this 9th day of June 2026, **ORDERED**

**A.**    Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 5) is **GRANTED.**

**B.**    The Complaint (ECF No. 1) shall be filed.

**C.**    The Complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE.**

**D.**    Plaintiff has thirty (30) days to amend her pleadings in light of the deficiencies described in this Memorandum Opinion and Order, and if Plaintiff fails to do so, the Court will Order the Clerk to close the case.

**E.**    Plaintiff's Motion to Appoint Pro Bono Counsel (ECF No. 3) is **DENIED AS MOOT.**

KAREN M. WILLIAMS
United States District Judge

3