**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FARIDA PACHECO-CAPELLAN,<br>Plaintiff,<br>v.<br>WALMART,<br>Defendant. | Case No. 1:25-cv-16645-KMW-EAP<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court upon a *sua sponte* screening of pro se Plaintiff Farida Pacheco-Capellan ("Plaintiff")'s Amended Complaint (ECF No. 7) pursuant to 28 U.S.C. 1915(e).

1. On June 9, 2026, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP") and dismissed Plaintiff's Complaint against Walmart ("Defendant") without prejudice pursuant to the screening provision in 28 U.S.C. § 1915(e)(2)(B) that accompanies applications to proceed IFP. (ECF No. 6.)

2. In its Memorandum Opinion and Order (ECF No. 5), the Court identified that Plaintiff's Complaint failed to state a claim on which relief may be granted, because it did not set forth facts establishing that she had exhausted her administrative remedies.

3. The Court will now screen Plaintiff's Amended Complaint applying the following standards:

4. When evaluating whether a complaint must be dismissed under 28 U.S.C. § 1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

5. A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555. A complaint fails to satisfy Rule 8 when the court must sift through irrelevant or unclear allegations to discern the claims asserted, such as where it (a) "contain[s] multiple counts where each count adopts the allegations of all preceding counts"; (b) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (c) fails to separate "into a different count each cause of action or claim for relief"; or (d) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

6. Here, the Amended Complaint does not meet the above-referenced standards. Though Plaintiff has cured the deficiency identified in the Court's Memorandum Opinion and Order, by attaching a right-to-sue letter from the EEOC (demonstrating exhaustion), the Amended Complaint fails to contain specific factual allegations to meet the elements required to make out the claims Plaintiff asserts.

7. In arriving at this conclusion, the Court observes that the Amended Complaint contains only one sentence of factual allegations, which is less detail than Plaintiff provided in her original complaint.[1] The Court may not consider any allegations or attachments that were included in the original complaint, because an amended complaint supersedes that complaint. *See Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint [supersedes] the original version in providing the blueprint for the future course of a lawsuit."); *Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("The Federal Rules of Civil Procedure do not permit piecemeal pleadings or require courts to consider a combination of pleadings, even in the context of a pro se litigant."). Any new pleading should therefore include the original allegations and incorporate any changes Plaintiff seeks to make.

8. Applying the liberal construction afforded to pro se plaintiffs, the Amended Complaint asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA") for failure to accommodate. (ECF No. 7 at 6.)

9. To state a claim for relief under the ADA, a Plaintiff must establish: "(1) [s]he was disabled and her employer knew it; (2) [she] requested an accommodation or assistance; (3) [her] employer did not make a good faith effort to assist; and (4) [she] could have been reasonably accommodated." *Capps v. Molendez Global, LLC*, 847 F.3d 144, 157 (3d Cir.

[1] The Court has also considered the records appended to the Amended Complaint. (ECF Nos. 7-1 & 7-2.) *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.").

2017) (quoting *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 438 F.3d 240, 246 (3d Cir. 2006)). To be considered disabled under the ADA, a person must "(1) have 'a physical or mental impairment that substantially limits one or more' of their 'major life activities'[2]; (2) 'a record of such an impairment'; or (3) are 'regarded as having such an impairment.'" *Id.* (quoting 42 U.S.C. § 12102(1)).

10. The Amended Complaint fails to state a claim under the ADA because even assuming that Plaintiff has demonstrated that she was disabled within the meaning of the Act,[3] Plaintiff has not alleged that she requested an accommodation or assistance, that she could have reasonably been accommodated, and that her employer did not make a good faith effort to assist. *See Capps*, 847 F.3d 144, 157. Among other defects, the Complaint lacks allegations regarding what occurred between Defendant's purported provision of an accommodation on September 1, 2023, and her termination on September 23, 2023. (ECF No. 7-2 at 1.)

11. To establish a prima facie case of race or national origin discrimination under Title VII, Plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the action was taken in circumstances that give rise to an inference of unlawful discrimination. *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410-11 (3d Cir. 1999).

12. The Amended Complaint fails to state a claim for discrimination under Title VII, because while Plaintiff has adequately alleged that she is a member of a protected class (Hispanic) and that she suffered an adverse employment action (termination[4]) Plaintiff's complaint is devoid of allegations giving rise to an inference of discrimination based on her Hispanic ethnicity or that she was qualified for the position. *See Sarullo v. United States Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003) (an inference of discrimination requires some causal nexus between membership in a protected class and the adverse action). Therefore, the Court will dismiss the Amended Complaint.

13. Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because Plaintiff may be able to allege facts that would cure the deficiencies identified above, the Court will grant Plaintiff

---

[2] "Major life activities" include functions such as "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working." 29 C.F.R. § 1630.2(i)(1)(i).

[3] Plaintiff alleges disability due to "injury from fall." (ECF No. 7 at 6.) The medical records appended to the Amended Complaint describe back pain due to a cervical injury, but the Court has not assessed whether Plaintiff's injuries make her disabled under the ADA.

[4] *See also Bangura v. Pennsylvania*, Civ. No. 16-3626, 2019 U.S. Dist. LEXIS 226481, at *20 (E.D. Pa. Feb. 28, 2019) ("[I]t is conceivable that failing to accommodate an ADA disability based on race or national origin could give rise to an adverse employment action [under Title VII].")

45 days to submit a proposed Second Amended Complaint ("SAC"). The proposed SAC will be subject to this Court's section 1915 review prior to service. Absent good cause, this will be Plaintiff's final opportunity to submit a proposed complaint that can pass the Court's section 1915 review. Failure to submit a proposed SAC within 45 days of the accompanying Order may result in dismissal with prejudice.

14. Should Plaintiff file a SAC, the Court encourages Plaintiff to provide a more detailed recitation of the relevant facts giving rise to her claims, including a clear timeline of events. If the Court's standard employment discrimination form does not provide sufficient space, Plaintiff may append additional pages.

**IT IS** on this **21st** day of **October 2026 ORDERED** that:

1. The Amended Complaint (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint by December 7, 2026 addressing the deficiencies outlined above.

2. The Clerk of the Court is directed to close this action and send a copy of this Order to Plaintiff by regular mail.

KAREN M. WILLIAMS
United States District Judge